**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ALFREDO MEDINA IBANEZ,

*Petitioner*,

v. No. 1:26-cv-01830-SMD-KRS

TODD BLANCHE, in his official capacity as Acting Attorney General of the United States; MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; DAVID VENTURELLA, in his official capacity as Acting Director of the U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as El Paso Field Office Director, U.S. Immigration and Customs Enforcement; and WARDEN of the Torrance County Detention Center,

*Respondents*.

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus. (Doc. 1), Respondents' Emergency Motio to Quash Order Enjoining Transfer (Doc. 7), and Respondents' Response to Petitioner (Doc. 8). Having reviewed the submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is **GRANTED**.

## BACKGROUND

Petitioner Alfredo Medina Ibanez, a citizen of Mexico, entered the United States without inspection on March 23, 2014, and reports that he has remained in the country since. Doc. 1 at 14–15. By May 8, 2026, Petitioner was detained at the Torrance County Detention Facility when

an immigration judge ("IJ") ordered his removal to Mexico after finding that he failed to timely file applications for relief or protection from removal. Doc. 7-1 at 1. Petitioner reserved his right to appeal, and the IJ's order identified June 8, 2026, as the appeal deadline. *Id*. at 2.

Petitioner filed this habeas action on June 5, 2026, challenging his immigration detention. Doc. 1. On June 8, the Court ordered Respondents to answer and enjoined Petitioner's transfer or removal from the District of New Mexico while this action remained pending. Doc. 4. Respondents subsequently moved to quash the injunction. Doc. 7.

Respondents assert that Petitioner's removal order became administratively final because he did not appeal. Doc. 7-2 ¶¶ 3–4; Doc. 8 at 1. However, the Executive Office for Immigration Review's ("EOIR") case status system reports that the Board of Immigration Appeals ("BIA") received an appeal on June 8, 2026—the deadline specified in the IJ's order—and identifies that appeal as pending. This information is inconsistent with Respondents' representation that no appeal was filed.

Respondents also maintain that Petitioner's detention is mandatory under 8 U.S.C. § 1225(B)(2)(a). Doc. 8 at 2–3. Although they acknowledge that this Court rejected that interpretation in *Martin Ramirez v. Noem*, No. 2:26-cv-00063-SMD-GJF, they preserve their contrary position. *Id.*

**DISCUSSION**

This Court has jurisdiction under 28 U.S.C. § 2241 to consider whether Petitioner's immigration detention violates federal law or the Constitution. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that they are in "custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

To the extent Respondents raise administrative exhaustion, their response does not develop an argument warranting dismissal on that ground. *See* Doc. 8 at 2. Challenges to immigration detention are properly brought through habeas corpus, and exhaustion deficiencies do not defeat jurisdiction over such claims. *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). Because Petitioner's challenge concerns the statutory authority for his detention and the constitutional adequacy of the process afforded, the Court exercises its discretion to reach the merits.

I. Petitioner's Detention Is Governed by § 1226(a).

Sections 1225 and 1226 govern the detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287–89 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States"—*i.e.*, "applicants for admission." *Id.* at 297. Detention pursuant to § 1225(b)(2)(A) is required "if the examining immigration officer determines that [a noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted." Noncitizens detained pursuant to § 1225(b)(2) cannot be released on bond.

Section 1226(a) sets the "default rule" for detaining noncitizens "already present in the United States." *Jennings*, 583 U.S. at 303. Under § 1226(a), a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Noncitizens detained pursuant to § 1226(a) are therefore generally entitled to individualized bond hearings. *See id.* at 306.

Sections 1225(b)(2)(A) and 1226(a) are mutually exclusive in that both provisions cannot simultaneously govern Petitioner's detention. *E.g.*, *Romero v. Hyde*, 795 F. Supp. 3d 271, 286 (D. Mass. 2025); *see also Patel v. Crowley*, No. 25-cv-11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025); *Artiga v. Genalo*, No. 25-cv-5208, 2025 WL 2829434, at *4 (E.D.N.Y. Oct. 5, 2025).

The Tenth Circuit affirmed the Court's understanding of §§ 1225 and 1226 in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). The court held that noncitizens "who entered the United States without admission and who have lived here since" cannot be subject to mandatory detention under § 1225. *Id.* at 1239. These individuals are "categorically unable to seek admission while they remain in the country." *Id.* "The Government's interpretation disrupts § 1226(a)'s coverage of inadmissible noncitizens. If the Government is correct that § 1225(b)(2)(A) mandates the detention of all applicants for admission, then there are no inadmissible noncitizens left for § 1226(a) to cover." *Id.* at 1247.

Petitioner entered the United States in 2014 and reports residing here continuously thereafter. Doc. 1 at 15. Respondents acknowledge that the facts relevant to the statutory classification of Petitioner's detention are materially indistinguishable from those addressed in this Court's earlier decision in Martin Ramirez. Doc. 8 at 2–3. Nor have Respondents assert that another mandatory-detention provision applies. Accordingly, § 1226(a), rather than § 1225(b)(2)(A), governs Petitioner's detention.

Section 1226(a) permits discretionary detention pending a removal decision and provides a mechanism for individualized consideration of release. *Santillan Quiroz*, 180 F.4th at 1251 n.13. Respondents' reliance on mandatory detention therefore cannot justify denying Petitioner the custody procedures available under § 1226(a).

II. <u>The Record Does Not Establish That Petitioner's Removal Order Is Administratively Final.</u>

Respondents' assertion that Petitioner' removal order became final is contradicted by EOIR's reported receipt of a pending appeal. Under 8 U.S.C. § 1101(a)(47)(B), a removal order generally becomes administratively final upon BIA affirmance or expiration of the appeal period

without an appeal. A timely appeal of an IJ's merits removal decision ordinarily stays execution of that decision while the appeal remains pending. 8 C.F.R. § 1003.6(a).

The IJ expressly permitted Petitioner to appeal through June 8, 2026. Doc. 7-1 at 2. EOIR reports receiving the appeal on that date and identifies it as pending. Respondents have provided no BIA decision resolving that appeal or other evidence establishing that the removal order is presently executable.

Moreover, Respondents' own declaration acknowledges that the timeline for removal is unknown. Doc. 7-2 ¶ 7. Although Respondents attribute their inability to proceed with removal to this Court's injunction, *Id.* ¶¶ 5–6, the injunction does not eliminate any independent administrative stay arising from Petitioner's appeal. Nor does it supply an independent statutory basis for detention.

III. <u>Petitioner's Continued Detention Violates Due Process.</u>

The Court concludes that Petitioner's continued detention violates his Fifth Amendment right to due process. Courts analyze due process claims in two steps: first, whether the petitioner possesses a constitutionally protected liberty interest; and second, whether the procedures afforded adequately protect that interest. *Garcia Domingo v. Castro*, 806 F. Supp. 3d 1246, 1251–52 (D.N.M. Oct. 15, 2025) (citing *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

Petitioner possesses a fundamental liberty interest in freedom from physical detention *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The Fifth Amendment protects noncitizens present in the United States, including those who entered without inspect. *See Reno v. Flores*, 507 U.S. 292, 306 (1993).

Although the Government may detain noncitizens during removal proceedings, civil detention must serve a legitimate regulatory purpose. *Demore v. Kim*, 538 U.S. 527 (2003). As

the Tenth Circuit explained, civil detention requires a "strong special justification." *Santillan Quiroz*, 180 F.4th at 1249 (quoting *Zadvydas*, 533 U.S. at 690).

The question, then, is whether Petitioner has received constitutionally adequate process. Petitioners have been detained since at least May 8, 2026. Doc. 7-1 at 1. Respondents have defended his confinement under § 1225(b)(2)(A), a mandatory detention theory foreclosed by *Santillan Quiroz*. Doc. 8 at 2–3. Respondents' submissions do not identify any individualized bond hearing or custody determination, nor do they offer evidence that Petitioner's continued confinement is necessary because he presents a danger to the community or a risk of flight.

Nor have Respondents established that removal is imminent. Their own declaration acknowledges that the removal timeliness is unknown. Doc. 7-2 ¶ 7. Moreover, as discussed above, EOIR's reported receipt of a pending BIA appeal undermines Respondents' assertion that Petitioner's removal order became administratively final. Although a pending appeal does not itself prohibit detention under § 1226(a), it further undermines Respondents' assertion that Petitioner's removal may presently proceed.

The Court recognizes the Government's legitimate interests in securing Petitioner's appearance at immigration proceedings and protecting the community. But those interests do not dispense with the process required by the statute governing his detention. Here, Respondents have defended months of confinement under an inapplicable mandatory detention provision without identifying an adequate individualized custody determination or a factual justification for continued confinement. On this record, the Court concludes that Petitioner's continued detention without such process violates the Due Process Clause of the Fifth Amendment.

IV. Immediate Release Is the Appropriate Remedy.

Ordinarily, an individualized bond hearing provides the appropriate remedy for detention improperly imposed under § 1225(b)(2)(A). *Santillan Quiroz*, 180 F.4th at 1251 n.13. But this Court has recognized that immediate release may be warranted when continued detention lacks an adequate individualized justification. *See Devkota v. Warden*, No. 1:26-cv-02652-SMD-JFR, Doc. 8 at 4–5 (D.N.M. Sept. 11, 2026); *Ramirez Corral v. Castro*, No. 2:26-cv-01175-SMD-SCY, Doc. 10 at 4–5 (DN.M. May 20, 2026).

Here, Respondents have had an opportunity to justify Petitioner's detention. Rather than identifying a lawful individualized basis for continued custody, they have relied on an erroneous mandatory detention theory and an assertedly final removal order that EOIR reports remains under administrative review. They have not established that removal may presently be executed or that continued confinement is necessary to address any dangerousness or flight risk.

Under these circumstances, requiring further detention merely to obtain the process that has been unavailable under Respondents asserted detention authority would not adequately remedy the constitutional deprivation found here. Immediate release is therefore warranted.

**CONCLUSION**

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Respondents **SHALL** release Petitioner within 48 hours of entry of this order, without any additional conditions or restraints beyond those that existed before Petitioner's unlawful detainment.
3) Respondents **SHALL** provide Petitioner with all personal belongings, facilitate Petitioner's transportation from the detention facility, and provide all identity and travel documents required to allow return to Petitioner's primary address;

4) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;
5) Respondents **SHALL NOT** re-detain Petitioner without adequate notice and a pre-deprivation hearing before a neutral immigration judge, at which the Government must prove by clear and convincing evidence that Petitioner is a danger to the community or a flight risk;
6) Respondent's Emergency Motion to Quash Order Enjoining Transfer (Doc. 7) is **DENIED** as moot; and
7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

**IT IS SO ORDERED.**

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**